UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| WOODLAND POWER PRODUCTS, INC. | : | Civil Action No.: |
|  | : |  |
| Plaintiff, | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| COUNTRY HOME PRODUCTS, INC. D/B/A | : |  |
| DR POWER EQUIPMENT | : |  |
|  | : | JANUARY 9, 2013 |
| Defendant. | : |  |

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

## INTRODUCTION

1.      This action arises out of false and misleading advertising and promotion by Defendant DR Power Equipment, a division of Country Home Products, Inc. (collectively "Country Home") designed to stimulate sales of its DR Leaf and Lawn Vacuum systems ("DR Leaf and Lawn Vacuum") at the expense of competing products, sold under the name Cyclone Rake, manufactured by plaintiff Woodland Power Products, Inc., ("Woodland").

2.      Woodland is one of the largest manufacturers and marketers of so-called "lawn vacuum" systems for outdoor lawn cleanup and maintenance. Both Woodland and Country Home sell lawn vacuums that are towed behind a lawn tractor and connected to its mowing deck. Both Woodland and Country Home offer various models of lawn vacuums for both professional and home-owner use.

3.      The market for lawn vacuum systems is competitive. Upon information and belief, together, Woodland and Country Home account for much of the sales of lawn vacuum systems in the United States. Growth in market share depends heavily on persuading consumers to make an initial purchase of the system, particularly in, or prior to, the spring and fall seasons.

Upon information and belief, direct marketing and advertising is the primary means by which Country Home tries to persuade consumers to make an initial purchase of its products and Country Home invests heavily in developing advertising claims to convince consumers to do so.

4.     Woodland has consistently been a market leader in the lawn vacuum market. Upon information and belief, attempts at market share growth by Country Home in the 2012 fall sales quarter have caused Country Home to make increasingly aggressive advertising claims for its products.

5.     This lawsuit seeks an injunction to stop, and damages for, advertising claims that Country Home is making about lawn vacuum systems that are false and misleading. More particularly, Woodland seeks to prevent Country Home from claiming that the Cyclone Rake product line has inferior: product capacity and units of measurement, debris mulching capability, dust production containment, including the likelihood of customer illness, collector bag quality, product warranty claims, and vacuum hose size. Such claims, made in a variety of media, are either literally false or deceptive. Upon information and belief, Country Home will not stop making these claims until a U.S. court says that it must.

6.     Suit is brought under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a, *et seq*.  As two of the biggest manufacturers of leaf and lawn vacuum systems, Woodland and Country Home compete keenly for sales of such systems. The advertising of products in this market has been and continues to be, a critically important means of persuading consumers to choose one brand over the other. Making claims of the kind at issue here can have a profound impact on lawn vacuum sales. Therefore, it is critically important that a company's advertising claims about its products

be honest and fair. Because Country Home has violated this fundamental precept, Woodland is entitled to injunctive relief and damages.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367(a).

8.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because Country Home does business in this district and has engaged and is engaging in statutory violations and activities that are causing substantial injury to Woodland in this district.

## THE PARTIES

9.      Plaintiff Woodland Power Products, Inc. is headquartered in West Haven, Connecticut. Woodland develops and manufactures the Cyclone Rake product line, which are tow-behind leaf vacuums and leaf mulchers. Woodland has a long history and proud heritage of producing and manufacturing high quality lawn and garden products in the state of Connecticut, tracing back to July, 1997.

10.     Upon information and belief, Defendant DR Power Products is a wholly-owned subsidiary of defendant Country Home Products, Inc., with its principal executive offices located in Vergennes, Vermont. Insofar as relevant to this litigation, Country Home manufactures a line of tow-behind leaf and lawn vacuums under the name, DR Leaf and Lawn Vacuum. This product line competes directly in the marketplace with Woodland's line of tow-behind lawn vacuum systems.

## COUNTRY HOME'S FALSE AND MISLEADING ADVERTISING AND PROMOTIONAL MATERIALS

11.     Country Home recently began publishing advertisements in multiple forms of media that compare the features of the DR Leaf and Lawn Vacuum with Woodland's Cyclone

Rake product, each by name. Upon information and belief, Country Home's advertising includes web pages, blogs, DVDs, video clips, YouTube videos, Facebook and Flickr pages, Twitter feed, and print media. The advertising in these media types is suffused with literally false and misleading statements about the features of both its own product, the DR Leaf and Lawn Vacuum, and Woodland's Cyclone Rake product.

12.     Country Home's false and misleading advertising can be put into 6 categories: (1) Product Capacity and Debris Mulching, (2) Dust and Customer Illness, (3) Collector Bag Quality, Durability and Cost, (4) Warranty Claims (5) Vacuum Hose Size and (6) Units of Measurement. Some examples of the literally false and misleading statements appear in the paragraphs that follow.

13.     Country Home makes numerous literally false and misleading statements about the debris capacity of its product, claiming that its product holds far more debris than Cyclone Rake or other competitors. For example, Country Home claims anything from "seven times the capacity of other lawn vacuums" to "no other lawn vacuum comes close to this capacity." These fabrications are evidently based on the assertion that the DR product is capable of mulching debris much finer than the Cyclone Rake or other competitive products, thereby enabling it to hold far more material. These statements are literally false and misleading.

14.     Country Home makes literally false and misleading statements that its product filters out dust via a centrifugal separator and produces virtually clean exhaust air so that "little or no dust comes out the top." In fact, even Country Home's own customers have posted excessive dust complaints on the DR website as well as other websites. Moreover, Country Home falsely claims that the Cyclone Rake product always produces great volumes of dust, and publishes misleadingly-isolated video clips of the Cyclone Rake generating dust. The clips

falsely imply that this video shows typical operating conditions. Country Home further states that a customer operating Woodland's product will be continually "working inside a moving cloud of dust." Country Home goes so far as to say that the use of Woodland's product will cause leaf mite attacks, "irritation" and "allergies," equipment operators will require "particle masks" as protection, and "be miserable after a couple of hours work under these conditions." Upon information and belief, Country Home has even asserted that the Cyclone Rake "creates a huge cloud of dust that irritates respiratory systems and aggravates allergies." These statements are literally false and misleading.

15.     Country Home makes false and misleading claims that the Cyclone Rake collector bags lack durability, are likely to "tear," "mildew," "rot" and "clog" and are generally unsuitable for use in a product of this type. Country Home also makes false and misleading claims about the Cyclone Rake's hook and loop closures, air and dust venting, clogging and loss of vacuum power. It furthermore implies that elements of Woodland's designs are built of inexpensive materials and chosen for reasons of low cost. Each and every one of these statements is literally false and/or misleading.

16.     Country Home makes false statements about Woodland's product warranty, falsely stating that the warranty will be voided if a customer should "vacuum up a small rock." Country Home further states, "[b]e sure to check the impeller warranties of other vacs. On those with rubber impellers, the warranty is void if the mower picks up a small rock and damage occurs." These statements are each literally false and misleading.

17.     Country Home  makes literally false and misleading claims that the Cyclone Rake vacuum hoses, which are larger than those used by the DR Leaf and Lawn Vacuum, make it more difficult to move air and debris. The fabrication that smaller-is-better conflicts with well-

established engineering principles and practice. Particularly with respect to Woodland's products, the statements are literally false and misleading.

18.     Country Home falsely claims that Woodland uses incorrect and deceptive units of measurement in stating its product capacity, when in fact Woodland uses the accepted units that are U.S. national standards and, upon information and belief, are used by every U.S. company in the consumer refuse container industry. Country Home even misleadingly prefaces its claim with the words "caution" and "beware," which are purposely intended to create the impression that Woodland is sly or deceptive in its specifications.   These statements are literally false and misleading.

19.     Upon information and belief, Country Home's marketing and advertising contains additional false and misleading statements relating to its own and its competitor's products, including Woodland's products.

## COUNT ONE: LANHAM ACT VIOLATION

20.     The Plaintiff hereby incorporates paragraphs 1 – 19 into Count One as though fully set forth herein.

21.     Country Home sells the DR Leaf and Lawn Vacuum product line in interstate commerce and is engaging in an extensive advertising campaign in connection with the marketing of the DR Leaf and Lawn Vacuum product line that employs a variety of media, including, at least, web pages, the internet, blogs, DVDs, video clips, YouTube videos, Facebook pages, Twitter feed, Flickr, and print media delivered by the U.S. Postal Service.

22.     Messages in the advertising campaign center on product capacity and debris mulching, dust and customer illness likelihood, collector bag quality, durability and cost, warranty claims, vacuum hose size, and units of measurement. Country Home delivers these

messages in each of the above mediums, using variously worded claims to convince consumers that the Woodland Cyclone Rake product line is substandard in each category.

23.     The claims in the above categories are false or misleading and misrepresent the nature, characteristics or qualities of Country Home's and Woodland's lawn vacuum product line. Upon information and belief, the claims are likely to deceive or confuse a substantial segment of the buying public and in fact have actually deceived or confused a substantial segment of the buying public. Moreover, the claims have influenced or are likely to influence the buying public's purchasing decision. This deceptive conduct by Country Home is and has been deliberate and has injured and continues to injure consumers.

24.     Country Home knew or should have known that the claims it is making about its own DR Leaf and Lawn Vacuum, as well as Woodland's Cyclone Rake, are false and misleading.

25.     Country Home's advertising of its DR Leaf and Lawn Vacuum, as well as Woodland's Cyclone Rake, as described above, violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

26.     Woodland has been, and continues to be, damaged by Country Home's false advertising regarding lawn vacuums by the direct diversion of sales from itself to Country Home and the lessoning of goodwill, which Woodland's products enjoy among the buying public, in an amount to be determined at trial.

<u>**COUNT TWO: CONNECTICUT UNFAIR TRADE PRACTICES ACT**</u>

27.     The Plaintiff hereby incorporates paragraphs 1 – 26 into Count Two as though fully set forth herein.

28.     Country Home's false and misleading claims in its advertising of the DR Leaf and Lawn Vacuum, as set forth above, were and are being disseminated in this district.

29.     Country Home knew or should have known that its claims were and are false and misleading. Moreover, Country Home made and continues to make these claims with reckless indifference to the rights of others and/or in intentional and wanton violation of those rights.

30.     Country Home's false claims constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce.

31.     As set forth above, Country Home's false advertisements for the DR Leaf and Lawn Vacuum have caused and are causing substantial injury to Woodland through the ascertainable loss of money or property.

32.     Country Home's conduct in the advertisement of the DR Leaf and Lawn Vacuum constitutes an unfair trade practice in violation of Conn. Stat. § 42-110b.

## PRAYER FOR RELIEF

WHEREFORE, Woodland respectfully requests that the Court enter judgment as follows:

A.      On Count One, an order directing an accounting by Country Home of its profits by reason of its false advertising, awarding Woodland damages as allowed by law, and trebling Woodland's recovery pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117;

B.      On Count Two, an order directing an accounting by Country Home of its profits by reason of its false advertising and awarding Woodland actual and punitive damages pursuant to Conn. Gen. Stat. § 42-110g;

C.      An Order preliminarily enjoining Country Home from making the above false claims in any advertisements for the DR Leaf and Lawn Vacuum;

D.      An Order permanently enjoining Country Home from making the above false claims in any advertisements for DR Leaf and Lawn Vacuum;

E.      An Order granting Woodland its costs and disbursements in this action, including its reasonable attorneys' fees; and

F.      An Order granting Woodland such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Woodland Power Products, Inc. hereby demands trial by jury on all claims and issues so triable.

Respectfully submitted,

By: /s/ Elizabeth A. Alquist
   Elizabeth A. Alquist (ct15643)
   Eric J. TeVelde (ct29064)
   Day Pitney, LLP
   242 Trumbull Street
   Hartford, CT 06103-1212
   Tel. (860) 275-0100
   Fax (860) 881 2456
   eaalquist@daypitney.com
   etevelde@daypitney.com
   *Attorneys for Plaintiffs Woodland Power Products, Inc.*

## <u>CERTIFICATE OF ELECTRONIC FILING</u>

I hereby certify that on January 9, 2013, a copy of the foregoing Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

.


_____ /s/ Elizabeth A. Alquist _____